UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN G.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn COLVIN,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-cv-2098-AGS<br><br>**ORDER GRANTING MOTION FOR 42 U.S.C. § 1383(d)(2) FEES (ECF 22)** |

    Plaintiff's counsel moves for attorney's fees under 42 U.S.C. § 1383(d)(2). Counsel requests "$15,000," offset by an order to credit plaintiff "for the EAJA fees previously paid in the amount of $5,572.00." (ECF 22, at 1–2.) This request represents approximately 19 percent of plaintiff's past-due benefits, which total "$80,188.20." (ECF 22, at 4–5.) Plaintiff has not objected. The government does not oppose. (*See* ECF 23, at 4.)

    "Whenever a court renders a judgment favorable to a claimant," "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b); *see also* 42 U.S.C. § 1382(d)(2)(A) (incorporating § 406(b)'s procedures). In evaluating an attorney-fee request, courts "must respect the primacy of lawful attorney-client fee arrangements," "looking first to the contingent-fee agreement, then testing for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citation omitted). "Within the 25 percent boundary," "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Factors the court may consider in evaluating the reasonableness of the attorney-fee award are: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-

contingent cases." *Avina v. Saul*, No. 18-CV-1728-W-MSB, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021).

Plaintiff assented in her contingency agreement to a fee of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF 22-1, at 1 (boldface removed).) This bargained-for percentage is presumptively valid. *See Gisbrecht*, 535 U.S. at 807–08. Counsel invested her resources on contingency and achieved remand for her client. (*See* ECF 22-4, at 1–2.) On remand, plaintiff secured a favorable decision and was granted past-due disability benefits of "$80,188.20." (ECF 22, at 9.) There is no evidence of dilatory conduct or undue delay. Indeed, counsel expended only 22.15 hours of attorney time and 3.2 hours of paralegal time to achieve these results, which is reasonable. (*See* ECF 22-4, at 1–2); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (finding "33.75 hours spent by plaintiff's counsel" to fall "within the approved range" for fees after surveying "several dozen cases in which attorney's fees were awarded in social security cases"). This case was voluntarily remanded, but only after the Administrative Record was filed, plaintiff's counsel digested its 2600+ pages, and counsel filed plaintiff's opening brief. (*See* ECF 11, 12, 14.)

Counsel's effective hourly rate for the representation was $591.72. (*See* ECF 28-5.) This rate is not unreasonable compared to, and does not grossly exceed, fees that courts have approved. *See, e.g.*, *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (collecting cases, twenty years ago, that approved fees between roughly $200 and $700 an hour); *Christopher R. B. v. Colvin*, No. 8:23-CV-00249-BFM, 2025 WL 26796, at *2 (C.D. Cal. Jan. 3, 2025) (noting that an "$876" an hour "rate is well within the rates that the Ninth Circuit and courts in this District have approved"). And counsel preemptively reduced her fee to just below 19 percent of the total past-due award, instead of requesting the full agreed-to 25 percent.

When a valid attorney-client fee arrangement exists, the fee statute is not meant to displace that agreement, but to act as a check on the reasonableness of fees. *See Gisbrecht*,

535 U.S. at 793. Since *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). The Court concludes that "the requested fees" are reasonable. *See Crawford*, 586 F.3d at 1151.

Counsel's unopposed request for fees under 42 U.S.C. § 1383(d)(2) is **GRANTED**. Counsel is entitled to $15,000 out of plaintiff's past-due benefits. Counsel must reimburse plaintiff the $5,572.00 EAJA fees already paid. (*See* ECF 22, at 1); *see also Gisbrecht*, 535 U.S. at 796 (noting that, when section 406(b) fees are awarded, "the claimant's attorney must refund to the claimant the amount of the smaller [EAJA] fee").

Dated:  May 6, 2025

Andrew G. Schopler
United States District Judge